UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-726 JVS (RNBx)                               Date  July 19, 2012

Title  Stephen A. Manuel v. Harrah's Rincon Casino & Resort

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers)  **Order Remanding Action to Superior Court of California, County of Orange and Declining to Consider Specially Appearing Defendant Harrah's Rincon Casino and Resort's Motion to Dismiss (fld 5-10-12)**

Specially appearing Defendant Harrah's Rincon Casino & Resort (the "Casino")[1] moves to dismiss the Complaint of Plaintiff Stephen A. Manuel pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7). (Mot. to Dismiss, Docket No. 6.) The motion is unopposed.

On February 2, 2012, Plaintiff filed his Complaint in the Superior Court of California, County of Orange. Plaintiff asserts claims of premises liability and negligence based on an injury that he sustained when he slipped and fell "on a freshly mopped and polished tile floor" in the Casino. (Compl., Docket No. 1.)

A federal court cannot reach the merits of any dispute until it confirms that it has subject matter jurisdiction. Seely v. Harrah's Rincon Casino, No. 11 CV 0594 MMA (MDD), 2011 U.S. Dist. LEXIS 70633, at *3 (S.D. Cal. June 30, 2011) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "In the removal context, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction." Id. at *3-4 (citing 28 U.S.C. § 1447(c)).

On May 4, 2012, the Casino removed the case to this Court based on federal

---

[1] The Casino is located on the Reservation of the Rincon San Luiseno Band of Mission Indians, a federally recognized sovereign Indian tribe. (Guisso Decl. Ex. 2, ¶ 2, May 4, 2012, Docket No. 3.)

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-726 JVS (RNBx) | Date | July 19, 2012 |
|---|---|---|---|

| Title | Stephen A. Manuel v. Harrah's Rincon Casino & Resort |
|---|---|

question jurisdiction. The Casino contends that Plaintiff's claims are completely preempted by the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.* (Notice of Removal, Docket No. 1.) The United States District Court for the Southern District of California has rejected the same complete preemption argument at least twice. Kersten v. Harrah's Casino-Valley Center, No. 07cv0103 BTM(JMA), 2007 U.S. Dist. LEXIS 14047, at *7 (S.D. Cal. Feb. 27, 2007); Seely, 2011 U.S. Dist. LEXIS 70633, at *6-7.[2] In Kersten, the plaintiff asserted claims of negligence, negligent training, negligent supervision, and premises liability against the Casino based on a slip-and-fall injury. 2007 U.S. Dist. LEXIS 14047, at *1-2. The Southern District of California remanded the case to state court because "[s]tate law claims that do not potentially infringe on a tribe's governance *of gaming* are not subject to complete preemption." Id. at *6 (emphasis added); see also Seely, 2011 U.S. Dist. LEXIS 70633, at *6-7 (adopting the Kersten court's rationale and remanding the case to state court).

Like the plaintiff in Kersten, here, Plaintiff asserts claims of premises liability and negligence based on a slip-and-fall injury that he sustained in the Casino. For the reasons set forth in Kersten and reiterated in Seely, this Court finds that the Casino has not shown federal question jurisdiction exists.

Accordingly, the Court REMANDS this case to the Superior Court of California, County of Orange. The July 23, 2012 hearing on this motion is VACATED. Fed. R. Civ. P. 78; L.R. 7-15. In view of the determination that the Court lacks jurisdiction, the Court need not consider the other bases for relief.

IT IS SO ORDERED.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[2] The Casino was also a defendant in Kersten and Seely. The facts of Kersten are nearly identical to the facts of this case. The Casino does not attempt to distinguish Kersten or Seely in this motion.